**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

DAVID FONTAINE and                                :        **CIVIL ACTION**
RENEE MARGARET FONTAINE, h/w         :
                                                              :        **CASE NO.:**
                    v.                                       :
                                                              :
NG ADVANTAGE, LLC                            :
                                                              :

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § § 1332, 1441, and 1446,

Defendant NG Advantage, LLC ("Defendant") removes this civil action from the Court of

Common Pleas of Philadelphia County because this Court has diversity of citizenship

jurisdiction over Plaintiff's state law claims against Defendant.  As a short and plain statement of

the grounds for removal, Defendant states the following:

**PLAINTIFF'S CLAIMS**

1.        Plaintiffs commenced this action in the Court of Common Pleas of

Philadelphia County by filing a Complaint on or about on May 4, 2021.  A true and

correct copy of the Complaint is attached hereto as Exhibit "A".

2.        The Complaint was allegedly served on Defendant on June 30, 2021.  A

true and correct copy of the affidavit of alleged service is attached hereto as Exhibit "B".

3.        The gravamen of Plaintiffs' Complaint is that on or about January 20, 2021

Plaintiff David Fontaine was allegedly injured as a result of a slip and fall on snow/ice on

or about a property located at 1147 Philips Road in Springville Township, Susquehanna

County, Pennsylvania.  See Exhibit "A" at ¶ 3, 9.

4.      Plaintiffs bring claims against Defendant sounding in negligence and loss of consortium.  See Exhibit "A".

## DIVERSITY OF CITIZENSHIP JURISDICTION

5.      Pursuant to 28 U.S.C. § 1332(a), the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) Citizens of different states . . . .

6.      28 U.S.C. § 1441(a) provides that except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7.      In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.  28 U.S.C. § 1441(b).

8.      A defendant desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.  28 U.S.C. § 1446(a).

9.      According to Plaintiffs' Complaint, Plaintiffs are citizens of the State of Tennessee residing at 101 Mandy Lane, White Pine, Tennessee 37890.  See Exhibit "A" at caption and at ¶ 1.

10.      According to Plaintiffs' Complaint, Defendant has a place of business located at 1147 Phillips Road, Springville, Susquehanna County, Pennsylvania 18844. Id. at caption and ¶ 3.

11.      Defendant is a limited liability company with a corporate headquarters located at 480 Hercules Drive, Ste. 1, Colchester, Vermont 05446. See Affidavit of Kathi Kiernan, attached hereto as Exhibit "C".

12.      None of Defendants' members are residents of the Commonwealth of Pennsylvania or the State of Tennessee.

13.      Therefore, it appears that there is complete diversity between all parties to this litigation.

14.      Plaintiffs have also alleged, as required in state court, that Plaintiffs demand judgment for a sum in excess of fifty thousand dollars ($50,000.00) plus interest, costs, and attorneys' fees.

15.      The fifty thousand dollar threshold is a Pennsylvania state court requirement, and all that Plaintiffs are required to include in their Complaint is that the dollar amount sought is either in excess of or less than $50,000.00.

16.      Plaintiffs have not stipulated or provided any information certifying that the dollar amount sought is less than $75,000.00.

17.     Therefore, this Court has original jurisdiction over the action as the Court has Diversity of Citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

## VENUE AND TIMELINESS

18.     The United States District Court for the Eastern District of Pennsylvania is the proper venue for removal of this action because it is the district in which the state court action is pending.  See 28 U.S.C. § 1446(a).

19.     Pursuant to 28 U.S.C. § 1446(b), a defendant may remove an action within thirty (30) days after receipt of a copy of the complaint through service or otherwise.

20.     Plaintiff served his Complaint on Defendant on June 30, 2021.  See Exhibit "B".

21.     Defendant filed the instant Notice of Removal less than thirty (30) days after June 30, 2021.

22.     Therefore, venue is appropriate and the Notice of Removal was timely filed.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY:     /s/ Seth Schwartz
        SETH J. SCHWARTZ, ESQUIRE
        Attorney for Defendant,
        NG Advantage, LLC
        2000 Market Street, Suite 2300
        Philadelphia, PA  19103
        215-575-2720 (P) / 215-575-0586 (F)

Date:  07/28/2021